UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIO CARTAGENA, | : | PRISONER HABEAS CORPUS |
| Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | |
| | : | |
| DARLENE DREW, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:14-CV-3140-WSD-GGB |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner is confined at the United States Penitentiary in Atlanta, Georgia. Petitioner, pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a response opposing the habeas petition, (Doc. 13), and a motion to file Petitioner's presentence investigation report ("PSR") under seal, (Doc. 14). For the reasons discussed below, the petition should be dismissed.

## I.  Background

In 1999, Petitioner pled guilty in the U.S. District Court for the Southern District of Florida to one count of conspiracy to distribute cocaine and one count of

possession of a firearm by a convicted felon.[1]  Plea Hearing, *United States v. Cartagena*, No. 1:97-cr-949-JAL-2 (S.D. Fla. Jan. Oct. 5, 1999).  The court sentenced Petitioner to 262 months' imprisonment on each count.  *Id.*, ECF No. 157.

The maximum sentence for the firearm crime was ten years' imprisonment. 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The sentencing court imposed a sentence above that maximum, however, because it found that the Armed Career Criminal Act ("ACCA") applied.  The ACCA imposes a minimum sentence of fifteen years' imprisonment if a felon who possesses a firearm has at least three prior convictions for serious drug offenses or violent felonies.  18 U.S.C. § 924(e).  The sentencing court found that Petitioner had three prior convictions for violent felonies, namely three convictions for burglary of dwellings in Florida.  *Cartagena*, No. 1:97-cr-949-JAL-2, ECF No. 170; Doc. 15 at 16-19.

---

[1] Petitioner states on the first page of his petition that he is serving a sentence imposed by that court.  (Doc. 1 at 1.)  On subsequent pages, he refers to the U.S. District Court for the District of South Carolina and the U.S. Court of Appeals for the Fourth Circuit.  (*Id.* at 2, 4.)  Those references appear to be erroneous, as there is no record of a criminal case in South Carolina, and Petitioner describes only his case in Florida.

Petitioner appealed, arguing only that he should not have been sentenced as a career offender under the U.S. Sentencing Guidelines. *Cartagena*, No. 1:97-cr-949-JAL-2, ECF No. 208. Petitioner did not challenge on appeal his sentence enhancement under the ACCA. *Id.* The U.S. Court of Appeals for the Eleventh Circuit affirmed Petitioner's judgment of conviction in November 2000. *Id.*

In 2006, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. *Id.*, ECF No. 213. Petitioner again challenged the career offender designation, but did not challenge his sentence enhancement under the ACCA. *Id.* In April 2006, the sentencing court dismissed Petitioner's § 2255 motion as untimely.[2] *Id.*, ECF No. 214.

In his habeas petition in this case, Petitioner challenges his sentence enhancement under the ACCA. (Doc. 1.) Petitioner claims that his burglary convictions under Florida law are not violent felonies and thus cannot serve as the predicates for the sentence enhancement. (Docs. 1, 1-1.) Petitioner invokes § 2255's "savings clause" in his request for relief under § 2241. (*Id.*)

---

[2] Because Petitioner did not seek a writ of certiorari, his judgment of conviction became final ninety days after the court of appeals affirmed the judgment, or on February 26, 2001. *See* 28 U.S.C. § 2255(f); *Cartagena*, No. 1:97-cr-949-JAL-2, ECF No. 208 (affirming judgment on November 28, 2000). He thus had until February 26, 2002 to file his § 2255 motion. *See* 28 U.S.C. § 2255(f).

3

## II.     The Savings Clause As It Applies To ACCA Claims

The savings clause allows a federal prisoner to obtain relief under § 2241 only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The petitioner bears the burden of showing the inadequacy or ineffectiveness of the § 2255 remedy.  *Smith v. United States*, 263 F. App'x 853, 856 (11th Cir. 2008).  A federal prisoner cannot obtain relief via the savings clause simply because he is barred from filing another § 2255 motion by § 2255(h)'s "second or successive" provision.  *Gilbert v. United States*, 640 F.3d 1293, 1308-12 (11th Cir. 2011) (en banc).

"The applicability of the savings clause is a threshold jurisdictional issue" that district courts must determine before reaching the merits of a § 2241 petitioner's claims.  *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) ("[W]e hold that the savings clause does indeed impose a subject-matter jurisdictional limit on § 2241 petitions.").  If a petitioner does not satisfy the Eleventh Circuit's test for applicability of the savings clause, the district court "lack[s] subject-matter jurisdiction to entertain the matter."  *Id.* at 1349-50.

4

In the Eleventh Circuit, the savings clause applies to a claim that a petitioner was improperly sentenced under the ACCA (§ 924(e)) for prior violent felony convictions only if the petitioner shows the following:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [the petitioner's] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in *Begay* [or another case]. . . overturned our Circuit precedent that had squarely foreclosed [the petitioner's] § 924(e) claim; (3) the new rule announced in *Begay* [or the other Supreme Court case] applies retroactively on collateral review; (4) as a result of [the] new rule being retroactive, [the petitioner's] current sentence exceeds the 10–year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-*Begay* error claim of illegal detention above the statutory maximum penalty in § 924(a).

*Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1274 (11th Cir. 2013). Because that is the claim Petitioner asserts in this action, he must satisfy *Bryant*'s test for this Court to have jurisdiction over the claim. *See id.* at 1270-74.

### III.  Analysis

Petitioner relies on *Begay* because it was decided after his direct appeal and § 2255 proceedings. (Doc. 1-1.) The Supreme Court held in *Begay* that a state crime of driving under the influence is not a violent felony for purposes of the ACCA

5

because it does not involve purposeful, violent, or aggressive conduct and is not similar to the crimes enumerated in the ACCA, which include burglary. *Begay v. United States*, 553 U.S. 137, 139-45 (2008); *see* 18 U.S.C. § 924(e)(2)(B). Petitioner contends that *Begay* establishes that his convictions for burglary of dwellings were not violent felonies and notes that *Bryant* held that *Begay* applies retroactively to cases on collateral review. (Doc. 1-1.)

Petitioner has not satisfied *Bryant*'s five-factor test for applicability of the savings clause in this case. The first factor, as discussed above, requires Petitioner to show that through February 2002 – the deadline for him to collaterally challenge his judgment of conviction under 28 U.S.C. § 2255 – "binding precedent" in the Eleventh Circuit "ha[d] *specifically addressed* [his] *distinct* prior state conviction" that he contends no longer qualifies as a predicate crime under the ACCA. *See Bryant*, 738 F.3d at 1274-75 (emphasis added). In other words, Petitioner must identify a pre-February 2002 decision from the U.S. Supreme Court or the U.S. Court of Appeals for the Eleventh Circuit that held that the crime of burglary of a dwelling under Florida law is a violent felony under the ACCA.

Petitioner cannot identify such a case because "[n]o Eleventh Circuit precedent squarely held that burglary of a dwelling, as defined in [Florida's penal

6

code], was a violent felony for ACCA purposes" until at least 2005.  *See Williams*, 713 F.3d at 1344.  In November 2005, the court of appeals held that attempted burglary of a dwelling under Florida law is a violent felony for ACCA purposes. *United States v. James*, 430 F.3d 1150, 1156-57 (11th Cir. 2005), *aff'd*, 550 U.S. 192 (2007).  In October 2006, the court of appeals held that burglary of the curtilage of a structure under Florida law is a violent felony of ACCA purposes. *United States v. Matthews*, 466 F.3d 1271, 1272 (11th Cir. 2006).  Thus, at the time when Petitioner's direct appeal was decided – November 2000 – and at the time when he could have timely challenged his ACCA sentence enhancement under § 2255 – no later than February 2002 – there was no precedent foreclosing his claim that his prior convictions for burglary of a dwelling under Florida law are not violent felonies.[3]  Petitioner fails the first prong of *Bryant*'s test.

Petitioner thus necessarily fails the second prong of *Bryant*'s test.  That prong requires Petitioner to show that *Begay*, "as extended by [the Eleventh Circuit] . . . to [Petitioner's] distinct prior conviction," overturned or "busted" the circuit

---

[3] There was not even any such precedent at the time Petitioner's untimely § 2255 motion was filed and dismissed in early 2006.  *James*, which was decided in 2005, addressed only *attempted* burglary under Florida law.  *James*, 430 F.3d at 1156-57; *see Bryant*, 738 F.3d at 1274 (holding that the precedent must have concerned the petitioner's "*distinct* prior state conviction" (emphasis added)).

7

precedent that had squarely foreclosed his claim. *See id.* As discussed above, there was no such precedent to bust. But even if there had been, *Begay* did not decide whether burglary – much less burglary of a dwelling under Florida law – was a violent felony under the ACCA. *See Begay*, 553 U.S. at 139-40. Petitioner has not identified any Eleventh Circuit case holding pursuant to *Begay* that burglary of a dwelling under Florida law is not a violent felony under the ACCA. In fact, recent decisions issued long after *Begay* make clear that burglary of a dwelling in violation of Florida law is a violent felony under the ACCA. *See United States v. Williams*, No. 14-10569, 2015 WL 1219290, at *3-4 (11th Cir. Mar. 18, 2015) (holding, pursuant to *Matthews*, that burglary of a dwelling under Florida law was a violent felony regardless of whether it was second degree or third degree burglary); *United States v. Kirk*, 767 F.3d 1136, 1141 (11th Cir. 2014) (holding that burglary of a dwelling under Florida law was a violent felony regardless of whether the conviction was based on unlawfully entering or unlawfully remaining in the dwellings).

In short, Petitioner has not triggered application of the savings clause for the same reasons the federal prisoner in *Williams* did not trigger it. The prisoner in *Williams* argued in his § 2241 petition that his convictions for burglary of a

8

dwelling under Florida law were no longer violent felonies under the ACCA after *Begay*. *Williams*, 713 F.3d at 1335-36. But like here, "there was no circuit precedent for *Begay* to bust" because no precedent squarely held through the time of Williams' sentencing, direct appeal, and first § 2255 motion that burglary of a dwelling as defined in the Florida statute was a violent felony under the ACCA. *Id.* at 1344-47. "Invoking *Begay* alone," which is all Petitioner has done here, "would not be enough to establish jurisdiction over [the] petition under the savings clause." *See id.* at 1347; Docs. 1, 1-1. "[W]hat is dispositive is that his claim was not foreclosed at the time by binding Eleventh Circuit precedent that *Begay* overruled or abrogated." *See Williams*, 713 F.3d at 1348.

## IV.  Conclusion

For the foregoing reasons, I **RECOMMEND** that the petition be **DISMISSED** for lack of jurisdiction. Respondent's motion to file Petitioner's PSR under seal [14] is **GRANTED**.

**SO ORDERED & RECOMMENDED**, this 22nd day of April, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

9