IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTONIO CARTAGENA,

                Petitioner,

v.                                    1:14-cv-3140-WSD

DARLENE DREW,

                Respondent.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [16] ("R&R"). The R&R recommends that Petitioner Antonio Cartagena's ("Petitioner") petition for writ of habeas corpus under 28 U.S.C. § 2241 be denied. Petitioner did not object to the R&R.

## I.   BACKGROUND

In 1999, Petitioner pled guilty in the United States District Court for the Southern District of Florida to one count of conspiracy to distribute cocaine and one count of possession of a firearm by a convicted felon. Plea Hr'g, United States v. Cartagena, No. 1:97-cr-949-JAL-2 (S.D. Fla. 1999). The court sentenced Petitioner to 262 months' imprisonment on each count. Id. (ECF No. 157).

The sentencing court imposed a sentence above the ten-year maximum because it found that the Armed Career Criminal Act ("ACCA") applied. After his

appeals were denied, in 2006, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, challenging his sentencing as a career offender under the U.S. Sentencing Guidelines. Petitioner did not challenge on appeal his ACCA sentence enhancement. In April 2006, the sentencing court dismissed Petitioner's Section 2255 motion as untimely.

Petitioner now challenges his sentence enhancement under the ACCA. Petitioner claims his burglary convictions under Florida law are not violent felonies and thus cannot serve as the predicates for the sentence enhancement. Petitioner invokes Section 2255's savings clause in his request for relief.

On April 22, 2015, the Magistrate Judge issued her R&R, recommending that Petitioner's Section 2255 petition be denied. The Magistrate Judge found that Petitioner has not satisfied the five-factor test for the applicability of the savings clause, as articulated by the Eleventh Circuit in <u>Bryant v. Warden, FCC Coleman-Medium</u>, 738 F.3d 1253, 1274 (11th Cir. 2013).

Petitioner did not object to the R&R.

## II.     DISCUSSION

### A.     <u>Legal Standard</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  Petitioner did not object to the R&R, and the Court thus conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

  B. Analysis

The savings clause allows a federal prisoner to obtain relief under Section 2241 only if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  "The applicability of the savings clause is a threshold jurisdictional issue" that district courts must determine before reaching the merits of a Section 2241 petitioner's claims.  Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1337-38 (11th Cir. 2013).  If a petitioner does not satisfy the Eleventh Circuit's test for applicability of the savings clause, the district court "lack[s] subject-matter jurisdiction to entertain the matter."  Id. at 1349-50.

In the Eleventh Circuit, the savings clause applies to a claim that a petitioner was improperly sentenced under the ACCA (§ 924(e)) for prior violent felony convictions only if the petitioner shows the following:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed

> [the petitioner's] distinct prior state conviction that triggered § 924(e) and had squarely foreclosed [his] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in *Begay* [or another case]. . . overturned our Circuit precedent that had squarely foreclosed [the petitioner's] § 924(e) claim; (3) the new rule announced in *Begay* [or the other Supreme Court case] applies retroactively on collateral review; (4) as a result of [the] new rule being retroactive, [the petitioner's] current sentence exceeds the 10–year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-*Begay* error claim of illegal detention above the statutory maximum penalty in § 924(a).

Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1274 (11th Cir. 2013).

The Magistrate Judge found that Petitioner failed to meet the first factor of the Bryant test because petitioner failed to identify a pre-February 2002 decision from the United States Supreme Court or the Eleventh Circuit that held that the crime of burglary of a dwelling under Florida law is a violent felony under the ACCA. (R&R at 6). The Court agrees. See Williams, 713 F.3d at 1344 ("No Eleventh Circuit precedent squarely held that burglary of a dwelling, as defined [Florida's penal code], was a violent felony for ACCA purposes" until at least 2005). The Magistrate Judge found that, because Petitioner failed the first prong, he necessarily failed the second prong. (R&R at 7). The Magistrate Judge concluded that Petitioner's Section 2241 must be dismissed. The Court agrees. See Williams, 713 F.3d at 1348 ("[W]hat is dispositive is that his claim was not

4

foreclosed at the time by binding Eleventh Circuit precedent that Begay overruled or abrogated."). The Court finds no plain error in the Magistrate Judge's findings and recommendation, and Petitioner's habeas petition is denied. See Slay, 714 F.2d at 1095.

## III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus [1] is **DENIED**.

**SO ORDERED** this 24th day of March, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE